IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 00-40146 CW |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO MODIFY RESTITUTION ORDER |
| v. | |
| LISA CHAN, | |
| Defendant. | |

On December 9, 2002, a criminal restitution judgment in the amount of $4,500,000 was entered against Defendant. Defendant was credited with $1,975,114.57 toward the judgment leaving a balance due of $2,524,985.43. At the beginning of Defendant's period of supervised release, her probation officer determined that Defendant's restitution payments were to be $100 per month. In 2006, Defendant was asked to increase the payment to $200 per month. In Defendant's motion to modify restitution, she indicates that she is having financial difficulty making these payments and requests that the Court modify the restitution payment pursuant to 18 U.S.C. § 3583(e)(2). Plaintiff opposes the motion on the ground

that, under Rule 35 of the Federal Rules of Criminal Procedure, the Court lacks jurisdiction to modify the restitution order.

## BACKGROUND

On February 12, 2001, Defendant plead guilty to charges of infringement and conspiracy to infringe copyrights of Microsoft Corporation by selling illegally reproduced software and by using counterfeit labeling.  As a provision of the plea agreement, Defendant agreed "to pay all losses caused by the scheme or offense."  In the plea agreement, Defendant also agreed to give up her right to appeal her conviction, her judgment, her sentence and other orders of the Court.

On November 4, 2004, the Court issued an Order Granting Plaintiff's Application for Writ of Execution authorizing the sale of Defendant's family residence to help pay the balance of the restitution judgment.  Defendant, Defendant's husband, Chris Yiu, and Defendant's mother, Lai Heung Chan, each asserted an interest in the residence and filed motions contesting the writ of execution.  On May 27, 2005, the Court issued an order denying the motions to quash the writ of execution.  On July 6, 2005, Defendant, her husband and her mother filed notices of appeal with the Ninth Circuit.  Defendant filed this motion to modify restitution payments and adjust the restitution amount on May 17, 2007.  On July 13, 2007, the Ninth Circuit issued an order affirming this Court's ruling.  On September 28, 2007, the Ninth Circuit issued its mandate.

1          LEGAL STANDARD

2     Title 18 U.S.C. § 3583(e)(2) provides, in relevant part:

3     The court may, after considering the factors set forth
      in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D),
4     (a)(4), (a)(5), (a)(6) and (a)(7) —

5     . . .

6     (2) . . . modify, reduce, or enlarge the conditions of
      supervised release, at any time prior to the expiration
7     or termination of the term of supervised release,
      pursuant to the provisions of the Federal Rules of
8     Criminal Procedure relating to the modification of
      probation and the provisions applicable to the initial
9     setting of the terms and conditions of post-release
      supervision; . . .

Rule 35(a) of the Federal Rules of Criminal Procedure provides:

      Within 7 days after sentencing, the court may correct a
      sentence that resulted from arithmetic, technical, or
      other clear error.

            DISCUSSION

     This motion and opposition were filed before the Ninth Circuit's mandate issued on Plaintiff's appeal and, as a result, the parties focused their arguments on whether this Court retained jurisdiction during the pendency of the appeal. Because the mandate has issued, that argument is irrelevant. This Court has jurisdiction over Defendant's motion.

     Defendant argues that the Court may reduce her restitution judgment because, under 18 U.S.C. § 3583(e), a district court may modify or reduce the conditions of supervised release. However, restitution was imposed as a part of Defendant's sentence, not merely as a term of her supervised release and thus, under Rule 35 of the Federal Rules of Criminal Procedure, the Court lacks

3

jurisdiction to make such a change.

Rule 35(a) allows a court to correct clear error in sentencing within seven days of sentencing. Defendant was sentenced on November 25, 2002 and she filed this motion on May 17, 2007. Clearly, seven days after the date of Defendant's sentencing have long passed. Therefore, under Rule 35(a), the Court no longer has jurisdiction to correct Plaintiff's sentence. See United States v. Morales, 328 F.3d 1202, 1204 (9th Cir. 2003) (after seven days of sentencing, the district court loses jurisdiction to correct the sentence). Because restitution was not merely a condition of supervised release, the Court lacks authority under 18 U.S.C. § 3583 to modify the amount of restitution. See id. (Because the fine was part of the sentence, § 3583 did not apply to the defendant's request to modify the fine).

Title 18 U.S.C. § 3664 governs the procedures for the enforcement of restitution orders. United States v. Chan, 2007 WL 878555 (N.D. Cal.).[1] Section 3664(k) provides, in relevant part:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. . . . The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

---

[1] The defendant in this case is Jefferson Chan, and, to the Court's knowledge, is not related to Defendant here.

4

Therefore, in the future, § 3664(k) may provide authority for the Court to reduce Defendant's monthly restitution payments. However, at this time, Defendant has not submitted to the Court evidence of a material change in her economic circumstances that would warrant such a reduction. Such evidence would be in the form of a statement of Defendant's income and expenses, and her assets and liabilities. Furthermore, § 3664(k) requires certification that the victim has been notified of Defendant's alleged change in circumstances. Therefore, to the extent that Defendant is requesting that the Court reduce her monthly restitution payments, this request is denied without prejudice to refiling with the appropriate documentation.

## CONCLUSION

Based on the foregoing, Defendant's motion to change the amount of restitution is DENIED with prejudice. To the extent Defendant moves to change the amount of her monthly restitution payments, this request is DENIED WITHOUT PREJUDICE to refiling with the appropriate documentation.

IT IS SO ORDERED.

Dated: 10/10/07                    _____
                                   CLAUDIA WILKEN
                                   UNITED STATES DISTRICT JUDGE

Copies mailed to parties
noted on attached sheet

5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

    Plaintiff,

v.

CHAN,

    Defendant.

Case Number: CR00-40146 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 10, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

**Lisa Chan**
44715 Aguila Terrace
Fremont, CA 94589

Stephen L. Johnson
Assistant United States Attorney
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102

Blake D. Stamm
Assistant United States Attorney
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102

U.S. Probation
1301 Clay Street
Oakland, CA 94612

Dated: October 10, 2007

                      Richard W. Wieking, Clerk
                      By: Sheilah Cahill, Deputy Clerk