**FILED**

FEB 2 ᷍ 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES,

        Plaintiff,

    v.

LISA CHAN,

        Defendant.

_____/

No. CR 00-40146 CW

ORDER DENYING
DEFENDANT'S MOTION
FOR TEMPORARY
RESTRAINING ORDER
FOR STAY OF
EXECUTION OF ORDER

Defendant Lisa Chan seeks a temporary restraining order (TRO) to stay the execution of this Court's November 4, 2004 Order Granting Plaintiff's Motion for Writ of Execution until the Ninth Circuit rules on a motion under appeal. Plaintiff has filed an opposition. Having considered all the papers filed by the parties, the Court DENIES Defendant's motion for a TRO.

BACKGROUND

On February 12, 2001, Defendant plead guilty to conspiracy to commit copyright fraud. She was sentenced to eighteen months imprisonment and ordered to pay restitution of $4,500,000 to Microsoft Corporation. On June 10, 2004, the United States filed an application seeking a Writ of Execution to sell Lisa Chan's residence located at 44715 Aquila Terrace, Fremont, California, as part of the restitution. On November 4, 2004, this Court issued

the order at issue here, granting the motion for writ of execution. (Docket # 116). In December, 2004, Defendant's mother and husband filed motions to quash the writ and Defendant filed a motion for reconsideration. On May 27, 2005, the Court issued an Order Denying the Motion to set Aside the Writ of Execution and Denying the Motion for Reconsideration. On June 6, 2005, Defendant and her husband appealed the May 27, 2005 Order. On July 7, 2005, Defendant's husband moved for a stay of execution of the restitution order pending the appeal. (Docket # 202). On August 10, 2005, the Court granted the Motion for Stay of Execution Pending the Ninth Circuit's resolution of the appeal of the order granting the government's writ of execution. (Docket # 211). On May 17, 2007, Defendant filed a motion to modify the restitution payment. On October 1, 2007, the Ninth Circuit issued it's judgment affirming this Court's May 27, 2005 Order Denying the Motion to Set Aside the Writ of Execution. (Docket # 226). On October 10, 2007, the Court issued an Order Denying Defendant's Motion to Modify Restitution. (Docket # 233). On October 19, 2007, Defendant filed an appeal of the October 10, 2007 Order. This is the order that is now pending before the Ninth Circuit.

LEGAL STANDARD

A TRO may be issued only if "immediate and irreparable injury, loss, or damage will result to the applicant" if the order does not issue. Fed. R. Civ. P. 65(b). To obtain a temporary retraining order, the moving party must establish either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and

1   the balance of hardships tips sharply in the moving party's favor.

2   <u>Baby Tam & Co. v. City of Las Vegas</u>, 154 F.3d 1097, 1100 (9th Cir.

3   1998); <u>Rodeo Collection, Ltd. v. West Seventh</u>, 812 F.2d 1215, 1217

4   (9th Cir. 1987).

5      The test for granting a temporary restraining order, like that

6   for a preliminary injunction, is a "continuum in which the required

7   showing of harm varies inversely with the required showing of

8   meritoriousness." <u>Rodeo Collection</u>, 812 F.2d at 1217. The moving

9   party ordinarily must show "a significant threat of irreparable

10   injury," although there is "a sliding scale in which the required

11   degree of irreparable harm increases as the probability of success

12   decreases," <u>United States v. Odessa Union Warehouse Co-op</u>, 833

13   F.2d 172, 174, 175 (9th Cir. 1987).

14                          DISCUSSION

15      Defendant argues that she will suffer irreparable injury if

16   the stay is not granted and that her appeal raises serious legal

17   issues. In this motion, Defendant argues that the original

18   restitution order was erroneous, unreasonable and unlawful.

19   Defendant, her husband and her mother have made these same

20   arguments to this Court in previous motions and this Court has

21   denied all the motions. These arguments were made to the Ninth

22   Circuit in the appeal of the May 27, 2005 Order Denying the Motion

23   to Set Aside the Writ of Execution. The Ninth Circuit rejected

24   these arguments as well. Defendant may not keep litigating the

25   same theories over and over in order to forestall the sale of her

26   residence. Because the Ninth Circuit has already affirmed the

27   Court's Order Denying the Motion to Set Aside the Writ of

28

Execution, there is little possibility that it will reverse the pending order under appeal, the Order Denying Defendant's Motion to Modify Restitution.

Therefore, because there is little probability for success on the merits, Defendant's motion for a TRO must be DENIED.

CONCLUSION

Based on the foregoing, Defendant's motion for a TRO is DENIED.

IT IS SO ORDERED.

Dated: 2/26/08

Saundra Brown Armstrong
United States District Judge

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

USA,

                 Plaintiff,

    v.

CHAN,

                 Defendant.

_____/

Case Number: CR00-40146 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 26, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lisa Chan
44715 Aguila Terrace
Fremont, CA 94589


Stephen L. Johnson
Assistant United States Attorney
450 Golden Gate Avenue
P.O. Box 36055
San Francisco, CA 94102

Dated: February 26, 2008

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk